■ In the Matter of GASLIGHT CLUB, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GABRIELLI, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 18, 1965, which assessed the employer the sum of $4,078.23 as additional contributions due for the period from January 1, 1962 through June 30, 1964. The present controversy involves an additional assessment for contributions concerned solely with the method of reporting gratuities received by service employees of the appellant. Prior to March, 1963 the general public was not served in the employer's establishment and its business was conducted through a charge system. Since that date the public has been admitted and the business was conducted on a charge basis for the club members and on a cash basis for the public. Patrons who utilized the charge system added the gratuity to the check and at the end of each day the serving employee would be paid the amount of tips credited to her on these checks as certified by her on a gratuity voucher. Admittedly, appellant reported both the gratuities actually paid the employees by the voucher method and those received from public patrons in cash on the 7½% basis set forth in the Industrial Commissioner's Regulation (12 NYCRR 480.4 [b] [1] [ii]). The board's conclusion that the Commissioner's determination properly computed the cash tips on the accepted percentage formula and those actually paid the employee as shown on the charge accounts and vouchers in their actual amounts, must be sustained. These latter gratuities were fully documented in the patrons' charge account receipts and in the submitted gratuity vouchers and thus were capable of being precisely and accurately assessed. The Commissioner's decision to base his computation upon the exact amount of such gratuities rather than upon the percentage formula method is entirely consistent with the rule (12 NYCRR 480.4 [b] [1] [i, ii], e.g., *Matter of Erwich* [*Corsi*], 279 App. Div. 947). Appellant's contention that section 8 of article IV of the New York State Constitution renders void a memorandum of December 3, 1963 dealing with instructions on the procedure to be followed in making the audits is unavailing. The content thereof was not the type of pronouncement dealing with Labor Department's legislative or quasi-legislative power to which the constitutional provision is directed, as it merely dealt with the internal operation of the department (*Ingalls Iron Works Co.* v. *Fehlhaber Corp.,* 29 A D 2d 29); and furthermore followed the established rule to be applied in these cases. Decision affirmed, with costs to the Unemployment Insurance Appeal Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.