In the Matter of JOSEPH P. SCHUYLER, Appellant, *v.* STATE UNIVERSITY OF NEW YORK AT ALBANY et al., Respondents.

Third Department, February 13, 1969.

*Harvey & Harvey* (*Jonathan P. Harvey* of counsel), for appellant.

Louis J. Lefkowitz, Attorney-General (*John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for respondents.

Cooke, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered April 29, 1968 in Albany County, dismissing petitioner's application in a proceeding under article 78 of the CPLR. Purporting to sue for himself and all other registered students of the State University of New York at Albany accused of taking part in a demonstration at the Administration Building thereat on February 21, 1968 and of violating University regulations governing protests and demonstrations, appellant prays that respondents, occupying various administrative positions in the State University of New York, be restrained from holding hearings regarding the charges against petitioner and from making any determinations or directives relative to disciplinary proceedings against him and those similarly situated. He and certain other students staged a demonstration at said time and place to register their disapproval of the presence of a chemical company's employment interviewer. Respondents contend that the protest was boisterous and abusive, such that the interviewer was subjected to extreme harassment, students scheduled for interviews were prevented from attending them and movement to offices was prevented, resulting in a complete disruption of the orderly functioning of the University.

Although it is urged that respondents be "permanently stayed and enjoined" and although prohibition has been described as being in effect an injunction (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379, 383; *Matter of Queens-Nassau Tr. Lines* v. *Maltbie*, 183 Misc. 924, 928, affd. 269 App. Div. 680, affd. 294 N. Y. 887), in reality this is a special proceeding commenced by service of a petition and order to show cause (CPLR 304) seeking relief in the nature of prohibition pursuant to article 78 of the CPLR (23 Carmody-Wait 2d, New York Practice, § 145:206). Prohibition is an extraordinary remedy designed to forbid the exercise of unauthorized power, whether it be an act devoid of or in excess of jurisdiction, and, not being favored by courts, it is never issued as a matter of right but only in a sound discretion in clear-cut situations when there is no other remedy (CPLR 7803, subd. 2; *Matter of Martinis* v. *Supreme Ct. of State of N. Y.*, 15 N Y 2d 240, 251; *People ex rel. Childs* v. *Extraordinary Trial Term of Supreme Ct.*, 228 N. Y. 463, 468; *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383, 393; *Matter of City of New York* v. *Maltbie*, 248 App. Div. 36, 38, affd. 274 N. Y. 464).

The administrators of a college or university possess an inherent authority to maintain order on its campus and freedom of movement thereon for invited guests, students and members of the school staff; the power to discipline, suspend and expel students whose conduct is disruptive thereof being a necessary attribute of the government of educational institutions to be exercised in sound discretion and not arbitrarily or capriciously (*Matter of Carr* v. *St. John's Univ., N. Y.,* 17 A D 2d 632, affd. 12 N Y 2d 802; *People ex rel. Goldenkoff* v. *Albany Law School,* 198 App. Div. 460, 466; *Goldstein* v. *New York Univ.,* 76 App. Div. 80, 83; *People ex rel. O'Sullivan* v. *New York Law School,* 68 Hun 118, 121–122; *Barker* v. *Hardway,* 283 F. Supp. 228, 235; *Buttny* v. *Smiley,* 281 F. Supp. 280, 285–286). In addition, by statute, subject to the general management, supervision and control of and in accordance with the rules established by the State University trustees, the operations and affairs of each State-operated institution of the State University, other than the State institutes of applied arts and sciences, are supervised locally by a council which has the power, with respect to the institution it serves and, subject to approval of the trustees, to make regulations governing the conduct and behavior of students, as well as the care, custody and management of lands, grounds, buildings and equipment (Education Law, § 356, subd. 1 and subd. 4, par. g).

The University sought to institute disciplinary proceedings against appellant and others by holding individual hearings before a student group, the Judicial Committee of the Living Area Affairs Commission, from whose adverse ruling a re-examination would be made by a faculty group, the Committee on Student Conduct, which in turn was subject to final administrative scrutiny by the President of the University. Because of these procedures and since the decision of the President would be subject to judicial review under article 78 of the CPLR, another remedy was available to appellant and, therefore, prohibition is improper.

However, appellant argues that respondents had no jurisdiction to proceed with the disciplinary steps because the University had failed to file its rules relating to student behavior pursuant to section 8 of article IV of the State Constitution, reading: '' No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state.'' The rules and regulations of the State University

276

governing student conduct thereat relate to the "internal management" of the University, are confined to the University, affect only the students therein and do not affect the public in general or "govern the conduct of and impose burdens" on the general public (*People* v. *Fogerty*, 18 N Y 2d 664; *Matter of Gaslight Club* [*Catherwood*], 30 A D 2d 904; *Ingalls Iron Works Co.* v. *Fehlhaber Corp.*, 29 A D 2d 29, 31-32; *Matter of Boling* v. *Rockefeller*, 52 Misc 2d 745, 747) and, therefore, were not ineffective even if unfiled.

The judgment should be affirmed, without costs.

HERLIHY, J. P., AULISI, STALEY, JR., and GREENBLOTT, JJ., concur.

Judgment affirmed, without costs.