Harold E. Koreman, J.
A motion was first brought on by plaintiff for an order permitting disclosure by defendants in this action seeking a declaratory judgment, or in the alternative, for relief under CPLR article 78, arising out of defendants’ refusal to permit plaintiff to install an underground cable in a State highway. The defendants cross-moved for summary judgment dismissing the complaint, and the parties agreed that the *7 motion for disclosure be held in abeyance pending the determination of the motion for summary judgment. In resisting defendants’ motion, plaintiff asserts that the position taken by defendants, that their refusal to permit the installation was a discretionary act performed in a reasonable manner, raises issues of fact which require denial of the motion. However, plaintiff maintains, should the court conclude that defendants acted without statutory power and in violation of its constitutional rights, then only legal issues are presented, and it is entitled to summary judgment for the relief sought in the action.
It is alleged in the complaint that in June, 1968 plaintiff applied to the resident engineer of defendant Department of Transportation in Rockland County for a permit to install 10,390 linear feet of buried telephone cable on State Highway 9005, Route 304, between the Conger-New City Road and Ridge Road in Rockland County; that, in turn, the resident engineer was advised by defendants’ General Supervisor of Highway Maintenance for that district that the permit could not be granted, and made reference to the nonencroachment policy on controlled or limited access highways established by defendants to preserve the integrity of the right of way in compliance with Federal standards. This policy, first enunciated in 1956 and restated by defendants’ Deputy Chief Engineer in a directive of June 1, 1966, does not permit utilities within the controlled access right of way, except crossings under certain conditions, and that any exception to this policy will be made only under extremely unusual conditions, and, further, that any exceptions can be granted only by the office of the Department of Transportation and must be concurred in by the Bureau of Public Roads on Federal-aid jobs. Plaintiff applied again on two later occasions to two different officials or agents of defendants for reconsideration and further consideration of its request to bury its cable under the highway in question. A permit was again denied on both occasions, the last one by letter dated January 6, 1969 in which the long-standing policy of defendants was reiterated and in which it was also stated that any exception to or variance from this policy could not be justified for the reasons stated by plaintiff. Defendants also pointed out in denying the request that there is a parallel county highway with no access restrictions that could be used by plaintiff.
In the action plaintiff seeks judgment declaring that defendants’ denial of its application is a violation of . its rights acquired under section 27 of the Transportation Corporations Law by virtue of its incorporation thereunder; that exclusion *8 of plaintiff’s fixtures from the highway in question is an impairment of its contract rights in violation of section 10 of article I of the United States Constitution and a destruction of its franchise rights and a deprivation of its property without just compensation in violation of the 5th and 14th Amendments of the Constitution of the United States and section 7 (subd. [a]) of article I of the Constitution of the State of New York; that the application of defendants’ directive concerning their policy under the circumstances here is without foundation in law and contrary to section 27 of the Transportation Corporations Law, is a nullity and contrary to the Constitution of the State of New York. The complaint seeks further a direction that defendants issue a permit to plaintiff for the cable installation, and that defendants be restrained from implementing their directive insofar as it would exclude plaintiff’s fixtures from any public highway in the State. The defendants, while admitting the material allegations of the complaint, deny the conclusions drawn by the plaintiff therefrom.
Defendants also assert as affirmative defenses that the relief sought by the plaintiff is in the nature of mandamus, and as such, relief is available, if at all, under C'P'LR article 78; that since the proceeding was not brought within four months of the refusal1 by defendants to grant plaintiff the permit in question, it is time-barred (CPLR 217). The affirmative defenses also allege that the' complaint fails to allege facts to entitle plaintiff to the relief sought either by way of a declaratory judgment or an article 78 proceeding.
As to the ground for dismissal, that the proceeding is time-barred since the relief sought could only be the subject of a proceeding pursuant to article 78, the court is of the opinion that the allegations of the complaint may form the basis for an action for a declaratory judgment. While a proceeding under article 78 may be available where an administrative act is attacked for illegality, the remedy of a declaratory judgment is not foreclosed for that reason when constitutional questions are posed. (Lutheran Church v. City of New York, 27 A D 2d 237.)
As to the question of whether plaintiff is entitled to the relief sought by way of a declaratory judgment, it appears that no factual issues are presented but only issues of law. Under section 52 of the Highway Law the installation for which plaintiff sought a. permit could not be made except under such conditions and regulations as may be prescribed by the defendants. Thus, it seems clear that, the Legislature imposed certain limitations on the franchise rights acquired by plaintiff *9 under section 27 of the Transportation Corporations Law. Obviously, plaintiff was fully aware of the fact that it was required to apply for and obtain a permit from defendants in order to make this installation, and that it could not make the installation under the general authorization to construct and maintain the necessary fixtures for its lines under any public highway in the State by virtue of section 27 of the Transportation Corporations Law. Under that section plaintiff acquired a mere privilege or permit to use a portion of a public highway for a special purpose, subject to the public interest. (New York Tel. Co. v. City of Binghamton, 18 N Y 2d 152, 162.)
The request for permission to make the installation was denied by defendants for the stated reason that no utilities are to be permitted within the controlled access right of way, and that only under extremely unusual conditions will any exemption be granted to this policy. Defendants further advised plaintiff that such exemptions will only be granted by their office and must be concurred in by the Bureau of Public Roads on Federal-aid jobs. Defendants concluded that in their opinion the reasons urged by plaintiff for granting a permit do not justify a variance from their long-standing policy, and, as previously stated, pointed out that there is a parallel county highway with no access restrictions that could be used. The policy followed by defendants was adopted pursuant to section 85 of the Highway Law, wherein the Legislature empowers and directs the defendants to comply with the Federal Aid Highway Acts and the rules and regulations promulgated thereunder in order to make Federal aid available to the State in the construction, alteration or repairs of highways. This statute evinces the clear intent of the Legislature to secure all the funds allotted to the State by the Federal Government for construction of roads in the interstate system, and unless the defendants complied with the conditions imposed by the Federal Highway Administrator and secured his approval, the intention of the Legislature would be defeated. (Matter of Brown v. McMorran, 23 A D 2d 661.) It cannot be disputed that Federal standards require that all property within the right of way boundaries of the highway in question shall be devoted exclusively to public highway purposes, and that the State highway departments are charged with the responsibility for preserving such right of way free of all public and private installations, facilities or encroachments. The Federal Highway Administrator may approve certain exceptions to this requirement as constituting a part of a highway or as necessary for its opera *10 tion and use for public highway purposes, and certain other exceptions not pertinent here.
Federal regulations also provide that the Administrator may approve the temporary, or permanent occupancy or use of right of way within the boundaries of the rights of way of Federal-aid highways, if he determines that such occupancy, use or reservation is in the public interest and will not impair the highway or interfere with the free and safe flow of traffic thereon. It cannot be said, therefore, that defendants have done other than give effect to the intent and declared mandate of the Legislature in determining that under the circumstances here no such unusual conditions exist that would justify making an exception to defendants ’ policy of excluding utilities from controlled access highways.
Since the franchise granted to the plaintiff by section 27 of the Transportation Corporations Law is subject to the limitations imposed by the police powers of the State (Highway Law, §52), and the defendants were required to act in compliance with Federal highway standards (Highway Law, § 85), the constitutionality of which statutes is not questioned, the court concludes that there was no denial or impairment of any rights guaranteed to the plaintiff by either the Constitution of the United States or that of the State of New York.
The allegation in the complaint that the directive of June 1, 1966, stating the policy adopted by defendants concerning the subject matter of this dispute is in violation of section 8 of article IV of the Constitution of the State of New York since it was not filed in the office of the Department of State, cannot be sustained. That constitutional provision makes reference to rules and regulations of a State department or agency which have the force and effect of law in order to assure that the public has knowledge of them before they can be enforced as laws. It is not applicable here where we are concerned with the action taken by the defendants pursuant to the pertinent provisions of the Highway Law.
Accordingly, the defendants’ motion is granted and the complaint dismissed.