Roger J. Miner, J.
This is an application to prohibit the respondent from conducting a hearing pursuant to subdivision 3 of section 3451 of the Public Health Law.
*959 Petitioner is a licensed funeral director and the sole owner of a funeral home which he has managed since its opening in 1941. It appears that his wife, Florence Clinton, has assisted him for many years in the administrative, secretarial and bookkeeping aspects of the business. By written charges dated September 3, 1976 respondent alleges that petitioner has aided and abetted an unlicensed person to practice funeral directing or undertaking for a number of specified funerals; that Mrs. Clinton participated in arrangements for those funerals without being duly licensed and that the petitioner did not have the funeral home under his immediate supervision during the conduct of those funerals. A hearing date has not yet been fixed.
As the basis of his demand for prohibition, petitioner claims that sections 77.7 and 78.1 of the Health Department Administrative Rules and Regulations (10 NYCRR 77.7, 78.1) are invalid insofar as they pertain to his funeral home operations. Section 77.7, insofar as the petitioner finds it objectionable here, provides that only a duly licensed funeral director or undertaker shall make arrangements with one having the right to control the incidents of burial "for the purchase, sale or rental of funeral merchandise, services or paraphernalia. ” (10 NYCRR 77.7 [a] [5] [iii].) It is petitioner’s contention that this provision is unreasonable, conflicts with the statutory scheme of the Public Health Law pertaining to the regulation of funeral directing, and improperly prohibits his wife from performing routine, administrative duties to assist him in funeral arrangements.
The Public Health Law empowers the Commissioner of Health to "govern and regulate the conduct and transaction of the business and practice of funeral directing, undertaking and embalming.” (Public Health Law, § 3401, subd 1 par [b]; emphasis supplied.) It follows that any rules adopted in pursuance of this statutory scheme of regulation are valid. In the opinion of the court it is reasonable that only a licensed funeral director should arrange with one charged with the control of burial for the sale, purchase or rental of funeral merchandise or services. Such a requirement serves to carry out the legislative direction for regulation of the funeral business. It cannot be said, at this point, that the respondent will apply the regulations to the petitioner in an arbitrary or capricious way.
Obviously, an unlicensed person in the employ of a licensed *960 funeral director must be permitted to perform ministerial tasks, such as typing, bookkeeping, filing and paper work. However, it was an obvious intention of the Legislature that funeral arrangements, insofar as they involve dealings with those responsible for burial, should be conducted by licensed personnel. Particularly is this true in the case of the itemized list of services and merchandise required by section 78.1 of the Health Department Rules and Regulations, which petitioner also attacks. This provision merely implements a statutory direction (Public Health Law, § 3440-a) by specifying the form of the itemized list of services and merchandise. The requirement in the regulation that the statement be furnished by licensed personnel follows almost precisely the statutory language. The avoidance of abuse in funeral charges necessitates that the statement be signed and dated by one who is licensed and subject to the regulatory scheme. This is not to say that clerical assistance in the preparation of the statement cannot be rendered by an unlicensed employee. The responsibility for the funeral arrangements as well as the itemized statement, however, is that of the licensee.
The regulations attacked by petitioner are not beyond the police power of the State, as he contends. The case of People v Binge (197 NY 143) cited by petitioner, is inapposite. The court there struck down as unconstitutional a statute regulating the licensing of undertakers on the ground that the requirement of continuous employment prior to licensing was improper and apparently designed to promote a monopoly in the field. However, the court specifically stated as follows (p 151): "We sustain the authority of the legislature to pass a statute to license and regulate the business of undertakers to protect the health, morals and general welfare of the state.”
There has not yet been made here an administrative determination which can be reviewed by the court. (CPLR 7801, subd 1.) A writ of prohibition is not a proper remedy in this situation, since any determination made after the hearing to be scheduled by the respondent is reviewable. (Public Health Law, § 3450, subd 3; Schuyler v State Univ., 31 AD2d 273.) Whether Mrs. Clinton participated in funeral arrangements to the extent proscribed by statute and regulation, whether petitioner failed to have the funeral home under his immediate supervision and whether petitioner aided and abetted an unlicensed operator to practice funeral directing, as alleged, are all questions to be determined at the hearing.
*961 Respondent’s motion to dismiss is granted.