*1016 OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant, an inmate of Taconic Correctional Facility, located at Bedford Hills, moves for permission to proceed as a poor person and for appointment of counsel, pursuant to CPLR 1101, in connection with a claim for damages arising out of the negligent dispensing of improper eye drops by prison authorities causing claimant to sustain temporary blindness.
The State contends that the Court of Claims lacks jurisdiction to appoint counsel, and that no authority exists for prosecution of claims in this court under poor person status, specifically pointing out that there are no fees in this court and that taxation of costs and disbursements in personal injury cases is prohibited by section 27 of the Court of Claims Act.
The court declines to reach these questions at the present time because the motion is defective for failure to comply with CPLR 1101 (subd [c]) which states in relevant part: "[i]f an action has already been commenced, notice of the motion shall be served on all parties, and notice shall also be given to the county attorney in the county in which the action is triable”. This requirement is significant since the granting of the motion would entitle claimant to a stenographic transcript, the cost of which would be borne by the county, in this case the County of Westchester. (See CPLR 1102; Rules of the Court of Claims, rule 2 [22 NYCRR 1200.2].)
To activate this section, however, an action must have been commenced, and the State contends that none is pending in this court. We take judicial notice of the fact that an original of a claim was served upon the clerk of this court on June 28, 1979, and although the requisite number of copies were not supplied (see 22 NYCRR 1200.12), the claim was accepted for filing and a number assigned. (See Fisch, New York Evidence [2d ed], § 1065; Matter of Magid v Gabel, 25 AD2d 649.) It is the policy of this court that when an original claim is served upon the clerk, it is filed and a letter transmitted to claimant or his attorney requesting additional copies. In the present case, claimant indicates that he is without funds or facilities to make copies and requests that this expense be borne by the State and that whatever future service may be necessary be made by the clerk.
*1017 A determination of whether claimant is entitled to the relief which he seeks must await a further motion. It is sufficient at the present time to point out that notwithstanding claimant’s failure to serve the Attorney-General with a copy of the claim, as required by section 11 of the Court of Claims Act, the service of an original claim upon the clerk and his filing thereof marked the commencement of an action in this court for purposes of CPLR 1101 (subd [c]). Accordingly, it was essential to serve the county attorney with notice of the present motion.
The court, therefore, denies claimant’s motion without prejudice to renewal in accordance with the order entered herewith.