OPINION OF THE COURT
Joseph Jaspan, J.
The defendant David Granatelli is charged with criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.
The case was presented to the Grand Jury and the instant indictment was handed up on October 29,1980. On October 31, 1980, Honorable Thomas M. Stark, Supervising Judge of the Criminal Branch of the Superior Courts in Suffolk County, on his own motion, pursuant to CPL 230.10 and rule 681.1 (b) of the Rules of the Appellate *1010 Division, Second Department (22 NYCRR 681.1 [b]) transferred the instant indictment to this court for all purposes.
The defendant was thereafter arraigned on the aforementioned charges and entered a plea of not guilty.
He now moves to have Judge Stark’s assignment of his case to this court declared null and void upon the grounds that: (1) the designation as Supervising Judge was never filed with the Department of State as required by section 8 of article IV of the New York State Constitution and with the Administrative Board as required by rule 20.8 of the Rules of the Chief Judge (22 NYCRR 20.8) and further (2) Judge Stark’s appointment was never published in the Official Compilation of Codes, Rules and Regulations of the State of New York (Executive Law, §§ 102-106).
It is also contended that even if Judge Stark’s appointment is found to be proper, defendant’s due process rights have been violated, since it is Judge Stark’s practice to assign all “rackets” cases to this court. The defendant claims that control of the assignment of a case is then vested in the District Attorney who may arbitrarily affix the designation of “rackets” to any case.
The court notes at the outset that the defendant specifically states in his motion papers: “The movant is not claiming that Judge Jaspan’s knowledge of either the defendant’s background or the fact that this is a Rackets case prejudices the defendant’s right to a fair trial so as to be constitutionally impermissible.”
I. HISTORICAL BACKGROUND OF JUDGE STARK’S DESIGNATION AS SUPERVISING JUDGE
Article VI of the New York State Constitution (the judiciary article) was amended as of September 1, 1962 to provide for a Unified Court System.
Effective January 1, 1978, article VI was further amended with respect to the manner of selecting Judges of the Court of Appeals, the creation of a Commission on Judicial Conduct and the administration of the Unified Court System.
Specifically, section 28 of article VI now designates the Chief Judge of the Court of Appeals as the Chief Judicial *1011 Officer of the Unified Court System and establishes an Administrative Board. The Chief Judge, with the advice and consent of the Administrative Board, is authorized to appoint a Chief Administrator (§28, subd a) who shall supervise the Unified Court System with such powers and duties as delegated to him by the Chief Judge or as may be provided by law (§ 28, subd b). The Chief Judge was also directed to establish standards and administrative policies “for general application throughout the state” (§ 28, subd c; emphasis added).
Effective April 1, 1978 Honorable Charles D. Breitel, then serving as Chief Judge, promulgated “Standards and Administrative Policies” for the Unified Court System. The preamble to those policies states: “[t]he purpose of these standards and policies is to assign and regulate administrative authority in a complex, multi-tiered court system” (McKinney’s Session Laws of NY, 1978, p 1918).
Those standards and policies also provide that the Chief Administrator in consultation with the Presiding Justices of the appropriate Appellate Divisions is empowered to establish “the regular hours, terms, and parts of court, and assignments of judges and justices to them” (McKinney’s Session Laws of NY, p 1918, § 1, subd [a]). Subdivision (e) of section 1 further provides that the Chief Administrator in consultation with the Presiding Justices of the appropriate Appellate Divisions and the approval of the Chief Judge may designate Deputy Chief Administrators and Administrative Judges. (McKinney’s Session Laws of NY, 1978, p 1919.)
Also effective April 1,1978 the Chief Judge delegated to the Chief Administrator (Chief Judge’s Administrative Delegation, McKinney’s Session Laws of NY, 1978, p 1920) the following powers and duties: “[The Chief Administrator shall] [designate deputies and administrative judges in accordance with section 2. The Chief Administrator may delegate to any deputy, administrative judge, assistant, or court any administrative power or function delegated to the Chief Administrator” (§ 1, subd [b], par iv).
Section 2 provides that the Chief Administrator shall designate Deputy Chief Administrators and Administra *1012 tive Judges for each judicial district — including separate Administrative Judges for Nassau and Suffolk Counties (McKinney’s Session Laws of NY, 1978, p 1921, §2, subd [a], par ii) and “[s]uch other supervising judges as may be required” (McKinney’s Session Laws of NY, 1978, p 1921, § 2, subd [a], par iii).
The powers of the Chief Judge and Chief Administrator were then codified in article 7-A (Judicial Administration) of the Judiciary Law (§§210-216; L 1978, ch 156, eff. May 19, 1978; L 1978, chs 628, 629, eff July 24, 1978).
Pursuant to the powers granted to the Chief Judge, he appointed the Honorable Richard J. Bartlett as the Chief Administrator of the Unified Court System.
On October 1, 1978 Judge Bartlett made the following designation in writing: “In consultation with the presiding Judge of the Appellate Division Second Department and with the approval of the Chief Judge of the Court of Appeals, I appoint the Honorable Thomas J. Stark as Supervising Judge of the Criminal Branch of the Superior Courts in Suffolk County, effective immediately.”
Although that appointment was never filed with the State Department, Judge Stark has been acting in this supervisory capacity from the date of that designation to the present and pursuant to the powers granted to him by that appointment has assigned literally thousands of criminal cases to various Criminal Parts of the Supreme and County Courts.
II. THE FAILURE TO FILE JUDGE STARK’S DESIGNATION WITH THE SECRETARY OF STATE IS NOT VIOLATIVE OF THE STATE CONSTITUTION
Section 8 of article IV (the executive article) of the New York State Constitution provides that “No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of the state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.” (Emphasis added.)
*1013 The intended purpose of this filing requirement was to insure that all rules and regulations which affect the public can be readily found in one, easily available, central place (People v Cull, 10 NY2d 123; People v Stock, 88 Misc 2d 1058).
Our State Government, like the Federal Government, is a tripartite institution with power variously apportioned among the legislative (NY Const, art III), the executive (NY Const, art IV) and the judicial (NY Const, art VI) branches. Each branch is separate, independent and coequal, possessing inherent powers to protect itself from impairment of function (Matter of County of Oneida v Berle, 49 NY2d 515; Saxton v Carey, 44 NY2d 545; People ex rel. Broderick v Morton, 156 NY 136; Matter of Slewett & Farber v Board of Assessors of County of Nassau, 78 AD2d 403). In this regard, one branch of government may not encroach on the jurisdiction of another nor impede another in carrying out its duties and responsibilities (People ex rel. Burby v Howland, 155 NY 270; Matter of Lorie C., 49 NY2d 161; Matter of Gottlieb v Duryea, 38 AD2d 634, affd 30 NY2d 807, cert den 409 US 1008; Matter of Ascione v City of New York, 84 Misc 2d 414, mod on other grounds sub nom. Matter of Blyn v Bartlett, 50 AD2d 442, affd 39 NY2d 349).
At issue is whether the judicial branch of the government must file its rules and regulations pursuant to section 8 of the executive article (art IV) of the Constitution. Stated alternatively, does section 8 set forth a “ ‘textually demonstrable constitutional commitment of the issue to a coordinate political department’ ” (Powell v McCormack, 395 US 486, 518).
In order to determine the scope of any “textual commitment” the court must consider the meaning of the phrase “rule or regulation made by any state department, board, bureau, officer, authority or commission”.
The term “rule or regulation” has not been the subject of a precise definition. However, it is well established that this term as employed in section 8 refers to those administrative enactments which are of a legislative or quasi-legislative nature and which establish a pattern or course *1014 of conduct for the future (People v Cull, supra; People v Widelitz, 39 Misc 2d 51). It is intended to apply to those administrative enactments which govern the conduct of and impose burdens on the public in general (People v Fogerty, 18 NY2d 664; Ornstein v Regan, 604 F2d 212) and which have the force and effect of law (New York Tel. Co. v Commissioner of N.Y. State Dept. of Transp., 62 Misc 2d 6).
In relevant part, section 102 (subd 2, par [a], cl [i]) of the State Administrative Procedure Act defines “Rule” as: “the whole or part of each agency statement, regulation or code of general applicability that implements or applies law, or prescribes the procedure or practice requirements of any agency”.
Section 102 (subd 2, par [b], cl [i]) of the State Administrative Procedure Act further provides that the definition of the term “Rule” does not include: “rules concerning the internal management of the agency which do not directly and significantly affect the rights of or procedures or practices available to the public”.
Further, subdivision 1 of section 102 of the State Administrative Procedure Act, in relevant part, defines “Agency” as: “any department, board, bureau, commission, division, office, council, committee or officer of the state * * * authorized by law to make rules *** but shall not include the governor, agencies in the legislative and judicial branches.” (Emphasis added.)
This court has examined the many reported decisions under section 8 of article IV of the New York Constitution and concludes that its provisions are intended to govern only those rules and regulations issued by departments and agencies of the State, e.g., rules of the State Liquor Authority (Matter of Colony Liq. Distr. v State Liq. Auth., 46 AD2d 703, app dsmd 36 NY2d 755); the Commissioner of the Department of Mental Hygiene (Whiting v Marine Midland Bank-Western, 80 Misc 2d 871); the New York State Industrial Commissioner (Wirtz v Lobello, 1 AD2d 416; cf. Percy v Brennan, 284 F Supp 800); and the Labor Department (Matter of Gaslight Club v Catherwood, 30 AD2d 904).
*1015 Only one reported decision has been discovered by this court which refers to the applicability of section 8 of article IV vis-a-vis the judiciary.
In People ex rel. Egitto v La Valle (18 AD2d 736, app dsmd 12 NY2d 1021), the court held that an oral request by the Board of Judges of Kings County (pursuant to section 11 of article VI of the State Constitution) which resulted in the temporary assignment of a Montgomery County Court Judge to that county did not violate the filing requirements of section 8 of article IV.
However, this decision does not shed any light on the instant issue since the Egitto court, without any discussion as to the applicability of section 8 to the judiciary, simply held that the afore-mentioned oral request was not a “rule or regulation” which need be filed pursuant to section 8 of article IV.
In light of the foregoing and in full recognition of the constitutional mandate requiring a separation of powers, I find that section 8 of article IV does not set forth any “textual commitment” which requires the judiciary to file rules and/or regulations made in the course of its operation and administration of the Unified Court System.
Consequently, Judge Bartlett’s designation of Honorable Thomas M. Stark as Supervising Judge need not have been filed pursuant to section 8 of article IV of the New York State Constitution.
The court notes, however, that even if the provisions of section 8 were to be considered applicable to the judiciary, a different result would not obtain. For reasons stated in Part III, infra, the challenged appointment is an “internal management” decision which section 8 specifically excepts from the filing requirement (see, e.g., People v Fogerty, 18 NY2d 664, supra; Matter of Schuyler v State Univ. of N. Y. at Albany, 31 AD2d 273; Matter of Smalls v White Plains Housing Auth., 34 Misc 2d 949; cf. State Administrative Procedure Act, § 102, subd 2, par [b], cl [i]).
III. THE FAILURE TO FILE JUDGE STARK’S APPOINTMENT DOES NOT RENDER IT INVALID UNDER RULE 20.8
In relevant part, section 20.8 of the Official Compilation of Codes, Rules and Regulations of the State of New York *1016 (22 NYCRR 20.8) provides: “(a) All rules, orders or regulations hereafter adopted by any court in the State of New York, or judge or justice thereof, relating to the procedure of the court or any of its auxiliary services, the initial assignment of judicial personnel (excluding temporary assignments), or the appointment of terms, and all rules or regulations hereafter adopted by the administrative board, the offices of the State Administrator *** shall be filed in the office of the Secretary of State. Within 10 days thereafter a copy of such rule, order or regulation shall be filed in the office of the administrative board with a statement as to the date of filing with the Secretary of State.” (Emphasis added.)
Central to the constitutional reorganization of the court system in 1962 was the concept that general supervisory powers previously granted to the individual courts should pass to the Administrative Board of the Judicial Conference (Matter of Bowne v County of Nassau, 37 NY2d 75). The 1978 amendments further vested the Chief Administrative Judge with complete authority to oversee the Unified Court System.
Subdivision b of section 28 of article VI of the New York Constitution unqualifiedly states that: “[t]he chief administrator, on behalf of the chief judge, shall supervise the administration and operation of the unified court system.” (Emphasis added.)
In Corkum v Bartlett (46 NY2d 424, 429) the court held that section 28 was a broad mandate to the Chief Administrator to supervise and manage the Unified Court System. The court wrote: “[T]he breadth of the Chief Judge’s power as the fount of the delegation makes it a strength as well. For, with respect to supervision or management, as distinguished from policy formulation, the Constitution places no limitations on the duties the Chief Judge may delegate to the administrator. And, neither consultation with the Administrative Board nor approval by the Court of Appeals is a prerequisite to the exercise of the supervisory powers by the Chief Administrator * * * In short, the Chief Judge’s administrative powers are complete, and the Chief Administrator may employ them fully when and *1017 while and to the extent that they have been delegated to him.”
The Chief Administrator is clearly empowered to manage and supervise the Unified Court System and pursuant to his powers may designate Administrative Judges (Judiciary Law, § 212, subd 1, par [d]) and delegate to them such “administrative functions, powers and duties” as he (the Chief Administrator) possesses (Judiciary Law, §212, subd 1, par [s]). Section 212 (subd 1, par [t]) further provides that the Chief Administrator may “[d]o all other things necessary and convenient to carry out his functions, powers and duties.”
In this regard the Honorable Herbert B. Evans, presently the Chief Administrative Judge of the Unified Court System, has determined that the designation of an individual as an Administrative Judge is not an “initial assignment of judicial personnel” nor a “substantive court procedure” which need be filed under 22 NYCRR 20.8. Indeed, Judge Evans states in an affidavit dated April 20, 1981, submitted amicus curiae in opposition to this motion, that he is unaware of any such designation ever having been filed with the Secretary of State. In addition, the Chief Administrator has further determined that the daily administrative actions of assigning cases to Judges is an internal management decision not encompassed by the requirements of 22 NYCRR 20.8.
It is hornbook law that an administrative agency’s construction and interpretation of its own rules will, if not irrational or unreasonable, be upheld (Matter of Johnson v Joy, 48 NY2d 689; Matter of Bernstein v Toia, 43 NY2d 437; Ostrer v Schneck, 41 NY2d 782; Matter of Howard v Wyman, 28 NY2d 434; Matter of Roosevelt Hosp. v New York State Labor Relations Bd., 27 NY2d 25).
Moreover, a careful reading of 22 NYCRR 20.8 indicates that it is an internal “housekeeping” rule. Unlike section 8 of article IV, which specifically states that a rule or regulation is not effective until filed, no equivalent provision is contained in 22 NYCRR 20.8.
The purpose of 22 NYCRR 20.8 is to facilitate the administration of the Unified Court System and as such its *1018 provisions are to be considered as directory and not mandatory in nature (cf. Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816; United Teachers of Seaford v New York State Human Rights Appeal Bd., 68 AD2d 907). It was not intended to furnish a vehicle whereby internal rules, regulations and orders may be invalidated upon the mere failure to file them. Any failure to comply with its filing provisions will constitute only an irregularity but not a factual defect (cf. McKinney’s Cons Laws of NY, Book 1, Statutes, § 171).
The Chief Administrator’s designation of Administrative and Supervising Judges is merely an exercise of the powers granted to him to insure the smooth operation of the many courts throughout the State. It is an internal management decision necessary to the efficient and orderly functioning of the courts which he is charged to oversee. It is not a rule, regulation or order which need be filed within the meaning of 22 NYCRR 20.8.
Further, even a finding that 22 NYCRR 20.8 is mandatory would not require this court to declare Judge Stark’s appointment a nullity.
The court has “inherent power” to perform its judicial functions and to act in a manner which insures the efficient administration of justice (see Bankers Trust Co. v Braten, 101 Misc 2d 227; Langan v First Trust & Deposit Co., 270 App Div 700, affd 296 NY 1014). The mere failure to file Judge Stark’s designation would not divest the court of its inherent power to adjudicate those cases placed before it (cf. Matter of Rubin v Campbell, 48 NY2d 805).
In the instant case the administration of justice mandates that cases proceed in an orderly manner with full accord given to a defendant’s right to a speedy trial. Absent the designation of Administrative Judges to oversee the disposition of cases, the courts would lose an efficiency factor.
Accordingly, I find that Judge Bartlett’s appointment of Judge Stark as the Supervising Judge of the Criminal Branch of the Superior Courts of Suffolk County did not violate 22 NYCRR 20.8.
*1019 IV. JUDGE STARK’S APPOINTMENT NEED NOT BE PUBLISHED IN THE OFFICIAL COMPILATION OF CODES, RULES AND REGULATIONS OF THE STATE OF NEW YORK
Since I have determined that Judge Bartlett’s designation of Judge Stark as Supervising Judge was not required to be filed under either section 8 of article IV of the State Constitution or rule 20.8 of the Rules of the Chief Judge (22 NYCRR 20.8) (Parts II and III, supra), there was no need to publish such designation pursuant to the provisions of sections 102 through 106 of the Executive Law.
V. THE CALENDAR PRACTICE DOES NOT VIOLATE THE DEFENDANT’S RIGHT TO DUE PROCESS
The defendant moves to have the calendar practice of the court declared unconstitutional upon the grounds that the District Attorney by arbitrarily designating a case as a “rackets” case, in effect, chooses the Judge to whom the case will be assigned. But this claim is not supported by any factual assertions and there is no evidence that the designation of cases is manipulated to affect its assignment to a particular part of this court.
The defendant further claims that Mr. Justice Stark, as a matter of course and in violation of the defendant’s rights to equal protection (US Const, 14th Arndt) assigns all “rackets” cases to this court without first having the matters calendared and called in Part I (County Court Rules, Suffolk County, § 1280.2, subd [a] [22 NYCRR 1280.2 (a)]).
In People v Pernell (Supreme Ct, Suffolk County, Feb. 18, 1981, Jaspan, J.) the identical issue was raised before this court in an application by a defendant to have his case assigned to the County Court in accordance with subdivision (a) of section 1280.2. The motion was denied. Acknowledging that it is the practice to assign all cases from the Rackets Bureau to this part, this court held that the “courts are vested with power to manage and control their own calendars.”
Thereafter, the defendant commenced a CPLR article 78 proceeding to compel the reassignment of his case.
In a memorandum opinion Matter of Pernell (NYLJ, April 14, 1981, p 12, col 5), the Appellate Division, Second Department, held:
*1020 “Proceeding by petitioner pursuant to CPLR, Article 78, to prohibit the trial of Indictment No. 2547/80 in the Supreme Court, Suffolk County, Criminal Term, Part II, before respondent Jaspan, and to direct that pursuant to local County Court Rule 1280.2(a), the trial of said indictment be assigned to another part of the Supreme or County Court in Suffolk County.
“Application denied and proceeding dismissed, without costs.”
Upon the authority of Matter of Pernell (supra), I find that the assignment of cases directly to this court does not violate the defendant’s right to equal protection.
VI. CONCLUSION
There is no constitutional, statutory or regulatory impediment to the exercise by Mr. Justice Thomas M. Stark of the powers of the Supervising. Judge of the Criminal Branch of the Superior Courts in Suffolk County.
The defendant’s motion to have Judge Stark’s assignment of this case to this court declared null and void is in all respects denied.