OPINION OF THE COURT
Richard D. Rosenbloom, J.
This proceeding is brought pursuant to CPLR article 78 to challenge a superintendent’s proceeding held at Auburn Correctional Facility.
As a result of an incident on July 9, 1979, petitioner Esteban Torres was formally charged with assaulting a guard and possession of a weapon and was placed in a plexiglass cell in a special housing unit. He was taken before a hearing officer on July 29, 1979 and on the next day he was informed that he had been found guilty of the charges against him. His punishment was fixed at 550 days in the special housing unit and loss of 365 days of good time.
Petitioner contends that the proceeding was not held within seven days, that the proceeding failed to comply with the applicable regulations and that the punishment imposed was excessive. Respondents argue that there is no rule or regulation requiring a superintendent’s proceeding *1001 to be held within seven days. They assert that the test should be one of reasonableness rather than an inflexible time limit. The court held an evidentiary hearing at which the hearing officer described the procedures followed.
Petitioner’s contention that the superintendent’s proceeding must be held within seven days will be considered first. Although the regulations governing disciplinary action to implement standards of inmate behavior do not specify a time within which a superintendent’s proceeding must be held (7 NYCRR Part 253), the Department of Correctional Services promulgated a guideline in March, 1975 that such proceedings for inmates in confinement should be held within seven days in the absence of exigent circumstances. In October, 1977, the chairman of the Commission of Corrections recommended that this guideline be incorporated in the regulations as a standard procedure. In March, 1978, the Commissioner of the Department of Correctional Services accepted that recommendation.
In Powell v Ward (392 F Supp 628, affd as mod 542 F2d 101) the United States District Court for the Southern District of New York ruled that due process required a hearing to be held within seven days of the confinement of an inmate. That decision was modified by the Court of Appeals, Second Circuit, to the extent of allowing an exception for exigent circumstances. Counsel have furnished the court with a series of unpublished Special Term decisions which have adopted the rule of Powell v Ward and another group of decisions which have declined to follow the seven-day requirement.
Rules and regulations of any State department are required to be filed in the office of the Department of State unless they relate to the organization or internal management of the department (NY Const, art IV, § 8). The rule in question requiring a hearing to be held within seven days has not been filed in the office of the Department of State. The issue thus presented is whether or not this rule relates to the internal management of the Department of Correctional Services.
Rules which have been held to relate to internal management include: State University rules governing student *1002 conduct (Schuyler v State Univ. of N. Y. at Albany, 31 AD2d 273); instructions for audit procedures (Matter of Gaslight Club v Catherwood, 30 AD2d 904); and rules governing the enlistment and discharge of members of the National Guard (Matter of Boling v Rockefeller, 52 Misc 2d 745).
On the other hand, the following rules have been held not to relate to internal management of the department: a memorandum of agreement between five departments establishing standards to determine rates of private institutions caring for handicapped children (Dubendorf v New York State Educ. Dept., 97 Misc 2d 382); regulations defining “unacceptable practices” which could warrant disqualification of Medicaid providers (Matter of Rubin v Campbell, 64 AD2d 827); and rules establishing admission standards to hospitals for the mentally ill (Whiting v Marine Midland Bank — Western, 80 Misc 2d 871).
The rule under consideration establishes a time limit within which a disciplinary hearing must be held. It affects only inmates already in correctional facilities and does not purport to govern any conduct of the general public. This court concludes that the seven-day rule relates to the internal management of the Department of Correctional Services and therefore need not be filed with the Department of State to be effective. Once having adopted and accepted this rule, the department is bound to comply with it. (Matter of Johnson v Smith, 83 AD2d 721).
Petitioner was not afforded a hearing until 20 days after charges were brought and he was confined to the special housing unit. Respondents have not established any exigent circumstances to justify the delay beyond seven days. In view of the basis of this ruling, it is unnecessary to comment on the procedures followed at the hearing or the propriety of the punishment.
The superintendent’s proceeding is found to have been in violation of lawful procedure and therefore must be annulled. Respondents are directed to expunge references to this proceeding from petitioner’s records and to restore the good time previously taken from him.