OPINION OF THE COURT
Joseph J. Sedita, J.
This matter challenges two superintendent’s proceedings which were conducted pursuant to the new tier III regulations and raises issues not fully resolved by higher courts.
There are essentially two primary challenges made to these proceedings. The first challenge asserts that the new procedures are invalid because they were not filed with the Secretary of State pursuant to section 8 of article IV of the New York State Constitution at the time of the two proceedings. The second asserts that the inmate was denied the right to be present when the witnesses he requested were interviewed.
*520 After careful consideration, this court declines to hold that the filing of these procedures was a constitutional necessity. Section 8 of article IV specifically excepts from its requirements rules or regulations relating to “internal management”. Noninternal regulations or rules would include those which have a direct impact or effect on the public at large. In a leading case, construing the meaning of this provision of the State Constitution, our Court of Appeals said “We know that underlying the provision was the desire to have all rules and regulations affecting the public filed in one, easily available, central place.” (People v Cull, 10 NY2d 123, 129; emphasis added; see, also, Matter of Rubin v Campbell, 64 AD2d 827; Ornstein v Regan, 604 F2d 212.)
Since we have’ determined that this constitutional provision applies only to those rules and regulations affecting “the public”, Black’s Law Dictionary ([rev 4th ed], p 1393) defines “public”, in part, as “the body of the people at large”. Ballentine’s Law Dictionary ([3d ed], p 1019) defines a “public act”, in part, as an “act which concerns the whole community.” (Emphasis added.)
The regulations in question are clearly designed to affect a very specific or unique portion of the community rather than the “public at large.” The orientation of these rules is exclusive rather than inclusive. They focus on internal management and discipline at State correctional institutions and are not directed at the public at large. Therefore, these rules should not have to be filed with the Secretary of State pursuant to section 8 of article IV of the State Constitution. (See Matter of Johnson v Smith, 83 AD2d 721; Matter of Schuyler v State Univ., 31 AD2d 273; Matter of Fox v Smith, Sept. 26,1983, Kane, J.; Matter of Romero v Smith, Sept., 1983, Marshall, J.)
Having determined that there was no constitutional necessity for filing these regulations, we can examine the second objection raised by the petitioner here, namely, that he was denied the right to be present when the witnesses he called were interviewed.
There is no constitutional right for an inmate to confront and/or cross-examine witnesses who he has requested in a proceeding such as this. (Wolff v McDonnell, *521 418 US 539.) The new regulations, however, give the inmate the right to be present unless the hearing officer “determines that so doing will jeopardize institutional safety or correctional goals.” (Tier III superintendent’s hearing, 7 NYCRR 254.5 [b], [d] [5].)
Procedural regulations established by the department in proceedings such as this should be complied with unless waived or proceedings thereunder may be subject to challenge. (See People ex rel. Cooper v Smith, 115 Misc 2d 689; see, also, Matter of Williams v LeFevre, 90 AD2d 579; Matter of Longo v Fogg, 71 AD2d 955.)
In one of the proceedings herein, the written reason given for the nonpresence of the inmate was that “Employee witnesses in this case chose to be interviewed privately.” In the other proceeding the hearing officer stated, in writing, that the reason for the nonpresence of the inmate was that “it would be a serious breach of security to allow more than one inmate at a time out of his cell at SHU.”
These reasons are distinctly different in that the latter focuses on a security consideration and the former focuses on a mere witness preference. There may well be a security consideration underlying the correction officer’s desire to be interviewed alone, however, any such security reason is not reflected in the papers or transcript before this court. There, however, is no indication in the transcript or confirmation before this court to indicate that this inmate did not know he might have a right to be present, objected to not being present at witness interviews, or that he requested to be present. Under these circumstances, we are of the opinion that he has effectively waived any right he might have had to be present. (Matter of Tolden v Coughlin, 90 AD2d 929; Hasan Jamal Abdul Majid v Henderson, 533 F Supp 1257.)
The court is satisfied that there has been sufficient compliance in all other respects with applicable regulations and statutes.
Accordingly, this matter is dismissed.