OPINION OF THE COURT
Gerard M. Weisberg, J.
On this motion, we address the propriety of the allocation of one claimant’s several actions to a single Judge under the individual assignment system (IAS).
David Holland has filed six separate claims, all of which seek to hold the defendant, State of New York, liable for alleged malfeasance in the management of its court system. *827 Inter alia, a series of incidents are averred resulting in the "abrogation” of claimant’s constitutional rights and the perpetration of various torts upon him by judicial and nonjudicial officers. All the claims arose in several courts of the defendant. Consequently, exclusive jurisdiction for these money damage claims is vested in the Court of Claims. (See, McKinney v State of New York, 111 Misc 2d 382.)
The claims, all dated July 16, 1986 and verified on July 29, 1987, were assigned to me by the clerk. Mr. Holland has moved to have his "various claims each heard by a different Justice [sic]” of this court. Since only four Judges are assigned to the City of New York, this would entail trying at least two actions either in Suffolk or an upstate county and, therefore, not within the proper venue. (Uniform Rules for Court of Claims § 206.4 [22 NYCRR].)
The defendant has taken no position. However, lack of opposition does not mandate that a motion be granted. (See, Paige v State of New York, NYLJ, Nov. 13, 1986, at 7, col 1.)
IAS was established, in part, so that "the quality of judicial decisions will be enhanced by greater familiarity of judges with the facts and issues in cases assigned to them.” (Report of Chief Judge Sol Wachtler, State of the Judiciary, Empire St Ct Notes, Special Issue, June 1986, at 2.) This policy consideration is reflected in a memorandum, prepared by Honorable Harold E. Koreman, then Presiding Judge of the Court of Claims, which delineates the procedure for implementing IAS here. That document states that newly filed "related tort claims” should be assigned to one Judge to manage and determine. (Mem of Presiding Judge, NY St Court of Claims, Individual Assignment System, Sept. 30, 1985, part II, at 1.)
The administration of these six claims by a single Judge most effectively furthers the goal of enhancing jurisprudential quality. Contrary to claimant’s assertions, all the causes of action are similar and related, involving, as they do, Mr. Holland’s rather tortuous journey through assorted legal forums of this State. The defendant is the same in each of them and we take judicial notice that in every case the State is represented by the same Assistant Attorney-General. (See, Harris v State of New York, 100 Misc 2d 1015; Fisch, New York Evidence § 1065 [2d ed].) Judicial economy, efficiency and logic all dictate that these claims should be presided over by a single Judge. In this manner, the salutory purpose of IAS will be best served.
*828 There can be no doubt that the assignments are well grounded in precedential authority. "It is ancient and undisputed law that courts have an inherent power over the control of their calendars and the disposition of business before them”. (Plachte v Bancroft Inc., 3 AD2d 437, 438; see, Langan v First Trust & Deposit Co., 270 App Div 700, 705, affd 296 NY 1014.) This power is not derived from nor dependent upon legislative grant. (Gabrelian v Gabrelian, 108 AD2d 445, 448, appeal dismissed 66 NY2d 741; Bankers Trust Co. v Braten, 101 Misc 2d 227.) Rather, it is intrinsic to the efficient regulation of a court’s own activities in the administration of justice (Matter of Goldberg v Extraordinary Special Grand Juries of Onondaga County, 69 AD2d 1, lv denied 48 NY2d 608).
This inherent power includes the authority to control the court calendar. (Travelers Ins. Co. v New York Yankees, 102 AD2d 851; Plachte v Bancroft Inc., 3 AD2d 437, 438, supra.) It has served as a basis for the allocation of a particular class of case to a single Judge or trial part. (People v Granatelli, 108 Misc 2d 1009; Bankers Trust Co. v Braten, 101 Misc 2d 227, supra.) Similarly, in the instant case, the efficient administration of this court’s business will be advanced by the assignment of these claims to me. In this matter, any hint of "judge-shopping” will not be given the opportunity to arise.
The claimant has not alleged any grounds for recusal nor demonstrated that he will be deprived of fair and objective dispositions. Moreover, absent an order for a joint trial or consolidation, each claim can be tried separately. (See, CPLR 602 [a].)
In accordance with the foregoing, the motion is denied.